The opinion of the Court was delivered by
O’Neall, C. J.
The greatest difficulty experienced in this ancient and vexed case, has arisen more from the accumulation of documents and the obscurity of facts, than from any intrinsic difficulty in the questions at issue.
1. Crow’s Island. It appears that this land was the property of Nathan Huggins (deceased). It was sold, as such, under a fi. fa., issued upon a judgment recovered by William S. Smith and Peter Cuttino, administrators of George Smith, surviving copartner of George and Savage Smith, against Charles Huggins, executor of Nathan Huggins, deceased. This debt was part of the assets of George and Savage Smith, which was undivided,and placed in the hands of Mr. Heriot, as receiver. Col. Hunt was his attorney for the collection of the debt; and also his agent for the management of the undivided partnership assets. He, by purchase from Brown and wife, the only child of George Smith, deceased, had an interest of one-half in the debt; the other parties, the children of Savage Smith, had an interest in the other half. The land (Crow’s Island) was sold, and purchased by Col. Hunt, for a sum very nearly the whole amount of the debt; the deed was made to him the second day of December, 1833. There is no plea of the statute of limitations. The first question which arises, does lapse of time, twenty years, raise the presumption “ omnia esse rite acta,” *279 and therefore, that it cannot now be questioned, that the purchase of Col. Hunt was in his own interest, and not as trustee of himself and the other parties in common interest with himself? This presumption, it must be remembered, is a presumption of fact, and not an irrebuttible presumption. Nor is it like the statute of limitations, which is a statutory bar to the remedy, and, in general, cannot be thrown aside by an executor where the remedy is barred at the time of the death of the testator.
Keeping these distinctions in mind, let us turn to this case. How is Col. Hunt to be regarded independent of the lapse of time? He bought under an execution obtained by him as an attorney, and also as an agent for the receiver, in the collection of a debt which, in equity, belonged to him and the children of Savage Smith. Beyond all doubt, he was at the option of his copartners to be rated, either as a trustee, in the purchase, or accountable for the purchase money. The master’s report finds the fact that he paid the purchase money, by the use of the debt, but declines to charge him as trustee principally because no express trust was proved. That was not necessary. Equity implies such a trust, from two circumstances: the relation of confidence, which he occupied, as attorney, and also from the fact, that whatever was paid for the land was the debt, in which he and the children of Savage Smith-had an interest in moieties. These facts make him an implied trustee.
But, it is said, these are mere presumptions, and cannot now be set up after this great lapse of time. There are two answers to this. First, that the settlement between Col'. Hunt and the children of Savage Smith, of the partnership, has been the subject of “ hot litigation,” as is said, in Smith and Hunt, 3 Rich. Eq., 465, since February, 1833, and that in a case so situated, the presumption cannot arise, and in connection with this it may be remarked, that this objection does not come from. Col. Hunt himself, who, it is probable, from statements made by his executor, and hereafter to be noticed, *280 would never have resorted to lapse of time, as a defence, but it is interposed by. persons who claim to be creditors of Col. Hunt. They cannot set up an equity superior to the present claimants, who are not only creditors but who have furnished the very means of acquiring the property. But the second answer is, that the executor states “ that Crow Island, formerly belonging to Nathan Huggins, against whom a judgment had been recovered, in favor of the said copartnership, for about $3,265, was put up for sale, and was purchased, as this defendant believes, by the said Benjamin F. Plunt, to whom a deed of conveyance was made and delivered: and this defendant believes it to be true, that the purchase money was not made, and that payment was refused until a final settlement of the accounts between the said Benjamin F. Hunt and the other parties concerned could be made, respecting which, there was much controversy up to the time of his decease.” This admission certainly ends all pretence of lapse of time, as a bar, if the executor’s admission can be allowed to have any weight in a case like this. He is both executor and creditor, and as to him and his rights it must have effect. So, too, I think it must govern the case as to all other parties. For it is not like the statute of limitations, which as a statutory bar, he might not be at liberty to waive. But lapse of time is a mere presumption in fact, which may be rebutted, and the executor’s admission is a statement-of fact, which completely destroys the presumption. I am, therefore, satisfied that the deceased Col. Hunt must be regarded as a trustee for himself and his copartners in the purchase of Crow Island, and that, of course, he and they are entitled to moieties of the proceeds.
2. So, too, as to Clegg’s Point. I concur in the view of the master, that the proceeds of sale in that respect are a common fund with the proceeds of Crow Island, and that the complainants are entitled to moieties of both, and that Col. Hunt, or his estate, is entitled to the other moieties. Of course, *281 if Hunt has received any part, or parts, that must be deducted from his moieties, so that he shall receive that much less, and thus equality be produced. The circuit decree and the master’s report are modified according to these views, and the master is directed to pay out the fund accordingly.
Johnston and Wardlaw, JJ., concurred.

Decree modified.